# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E-1 JARED S. GAMBLE**
**United States Army, Appellant**

ARMY 20160735

Headquarters, 7th Infantry Division
Lanny J. Acosta, Military Judge
Colonel, Russell N. Parsons, Staff Judge Advocate (pretrial)
Lieutenant Colonel James W. Nelson, Staff Judge Advocate (post trial)

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Virginia H. Tinsley, JA (on brief).

30 October 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

In this case we hold a guilty plea to a specification of "divers occasions" does not have a substantial basis in fact and law where the military judge did not define the word "divers," advise that it was a part of the specification and establish appellant committed the offense on more than one occasion.

A military judge sitting as a general court-martial convicted appellant pursuant to his pleas of failure to repair (three specifications), assaulting a noncommissioned officer, disrespecting a noncommissioned officer, disobeying a noncommissioned officer (two specifications), violating a lawful general order, breaking arrest, resisting apprehension, wrongful possession of heroin with the intent to distribute, wrongful possession of methamphetamine with the intent to distribute, wrongful use of heroin, wrongful use of dextroamphetimine and methamphetamine, and assault consummated by battery, in violation of Articles 86,

91, 92, 95, 112a, and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 891, 892, 895, 912a, 128 (2012). The military judge sentenced appellant to a bad-conduct discharge and confinement for eighteen months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for five months. The convening authority credited appellant with 65 days of pretrial confinement.

This case is before the court for review under Article 66, UCMJ. Appellant raises one assignment of error that merits discussion and relief. We have also reviewed the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

We review a military judge's decision to accept a plea of guilty "for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). The military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it. *Id.* at 321–22, (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a guilty plea for an abuse of discretion by determining whether the record as a whole demonstrates a substantial basis in law and fact for questioning the guilty plea. *Id.* at 322; UCMJ art. 45; Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

Appellant pleaded guilty to and was convicted of, *inter alia*, the Specification of the Additional Charge, which alleged: "In that [appellant], U.S. Army, did, at or near Joint Base Lewis-McChord Washington, on divers occasions, between on or about 30 August 2016 and on or about 12 September 2016, wrongfully use [d]extroamphetimine and [m]ethamphetamine, Schedule II controlled substances." During the providence inquiry, the military judge failed to advise appellant that "divers occasions" was a part of the specification and failed to define the words. Moreover, the military judge did not establish appellant wrongfully used the controlled substances on "divers occasions."

Rather, appellant admitted he used dextroamphetimine and methamphetamine on a single occasion. Appellant explained in detail the location and methodology used to wrongfully ingest these controlled substances on 5 September 2016. Accordingly, we find a substantial basis in fact to question appellant's plea to

"divers occasions" in the Specification of the Additional Charge and will grant relief in our decretal paragraph.[*]

## CONCLUSION

We affirm only so much of the Specification of the Additional Charge as provides:

> In that [appellant], U.S. Army did, at or near Joint Base Lewis-McChord, Washington, on or about 5 September 2016, wrongfully use dextroamphetimine and methamphetamine, Schedule II controlled substances.

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are confident the military judge would have imposed a sentence of at least that which was adjudged. Accordingly, we AFFIRM the sentence.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Although appellant admits in his stipulation of fact to using dextroamphetimine and methamphetamine on "divers occasions" during the period covered by the Specification of the Additional Charge, the military judge did not inquire, nor did the appellant discuss, these incidents occurring on "divers occasions."

3